1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   LEROY FORD,                        )      NO. ED CV 09-1454-E
                                        )
12                  Plaintiff,          )
                                        )
13        v.                            )      **MEMORANDUM OPINION**
                                        )
14   MICHAEL J. ASTRUE, COMMISSIONER    )      **AND ORDER**
     OF SOCIAL SECURITY ADMINISTRATION, )
15                                      )
                    Defendant.          )
16   _____)

17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that the decision of the Commissioner of the Social

20   Security Administration is reversed and the matter is remanded for

21   immediate payment of benefits.

22

23                         **PROCEEDINGS**

24

25        Plaintiff filed a Complaint on August 7, 2009, seeking review of

26   the Commissioner's denial of benefits.  The parties filed a consent to

27   proceed before a United States Magistrate Judge on September 1, 2009.

28   ///

1    Plaintiff filed a "Motion for Summary Judgment on January 14,
2  2010.  Defendant filed a "Memorandum of Points and Authorities in
3  Support of Defendant's Cross-Motion for Summary Judgment and in
4  Opposition to Plaintiff's Motion for Summary Judgment" on February 16,
5  2010.  The Court has taken both motions under submission without oral
6  argument.  See L.R. 7-15; "Order," filed August 11, 2009.

7

8              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

9

10    In 2000, Plaintiff suffered from non-Hodgkin's lymphoma in the
11  area of his left eye (Administrative Record ("A.R.") 9, 20).  "In
12  August 2000, [Plaintiff] underwent left frontotemporal craniotomy,
13  left orbital osteotomy, subtotal resection of intraorbital and
14  cavernous sinus tumor, decompression of the left optic nerve and
15  internal carotid artery, decompression of the left third nerve,
16  correction of exophthalmos, and Hemovac drain" (A.R. 20).  At the time
17  of this operation, Plaintiff was in prison.  Id.  Plaintiff then
18  underwent chemotherapy, radiation, and, eventually, another surgery
19  during which his left eye was removed (A.R. 9, 186).

20

21    After release from prison, Plaintiff applied for disability
22  benefits beginning May 15, 2003 (A.R. 62-64).  In 2003, Plaintiff
23  signed a written statement reporting headache pain and other limiting
24  symptoms of allegedly disabling frequency and severity (A.R. 86-91).
25  Plaintiff similarly testified in 2005 to pain and other symptomatology
26  of allegedly disabling severity (A.R. 186-97).  In 2003, Plaintiff's
27  wife signed a written "Function Report" containing statements
28  potentially corroborative of Plaintiff's complaints (A.R. 92-99).

1    Plaintiff suffered a recurrence of lymphoma no later than June,
2    2005 (A.R. 9).  The Administration found Plaintiff disabled beginning
3    June 1, 2005, but also found Plaintiff not disabled between May 15,
4    2003 and May 31, 2005 (A.R. 8-10, 201-04, 210-16).  In the process of
5    denying benefits for the period prior to June 1, 2005, the
6    Administrative Law Judge ("ALJ") found Plaintiff's testimony and his
7    wife's written statements not to be credible (A.R. 21, 213-15).
8
9                          **STANDARD OF REVIEW**
10
11   Under 42 U.S.C. section 405(g), this Court reviews the
12   Administration's decision to determine if: (1) the Administration's
13   findings are supported by substantial evidence; and (2) the
14   Administration used correct legal standards.  See Carmickle v.
15   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
16   499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such
17   relevant evidence as a reasonable mind might accept as adequate to
18   support a conclusion." Richardson v. Perales, 402 U.S. 389, 401
19   (1971) (citation and quotations omitted); see Widmark v. Barnhart,
20   454 F.3d 1063, 1067 (9th Cir. 2006).
21
22                             **DISCUSSION**
23
24   The Administration committed multiple errors in evaluating the
25   credibility of Plaintiff and Plaintiff's wife.  Under the particular
26   circumstances of this case, reversal and remand with a directive for
27   the immediate payment of benefits is appropriate.
28   ///

1    The ALJ found that Plaintiff's "medically determinable
2    impairments could reasonably be expected to produce the alleged
3    symptoms, but that [Plaintiff's] statements concerning the intensity,
4    persistence and limiting effects of these symptoms are not entirely
5    credible" (A.R. 214).   To support such a credibility determination, an
6    ALJ must make "specific, cogent" findings, supported in the record.
7    Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); see Rashad v.
8    Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary,
9    846 F.2d 581, 584 (9th Cir. 1988).[1/]   The ALJ failed to do so in the
10   present case.

11

12   The ALJ recited the general factors appropriate for consideration
13   in evaluating a claimant's credibility (A.R. 213-14).   However, the
14   ALJ made no specific findings in support of the rejection of
15   Plaintiff's credibility other than, arguably, a finding that the
16   medical evidence failed fully to support Plaintiff's alleged symptoms
17   and, arguably, a finding that Plaintiff's daily activities were
18   inconsistent with Plaintiff's alleged disability (A.R. 21-22, 213-15).
19   Neither arguable finding is legally or factually sufficient.

20

21   With regard to the first arguable finding, the failure of the
22   medical record to corroborate fully a claimant's subjective symptom

23   _____

24   [1/]   In the absence of evidence of "malingering," most recent Ninth
     Circuit cases have applied the arguably more rigorous "clear and
25   convincing" standard.   See, e.g., Robbins v. Social Security
     Administration, 466 F.3d 880, 883 (9th Cir. 2006); Moisa v. Barnhart,
26   367 F.3d 882, 885 (9th Cir. 2004); Connett v. Barnhart, 340 F.3d 871,
     873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D.
27   Cal. Dec. 19, 2000) (collecting cases).   In the present case, the ALJ's
     findings are insufficient under either standard, so the distinction
28   between the two standards (if any) is academic.

testimony is not, by itself, a legally sufficient basis for rejecting
such testimony.  Rollins v. Massanari, 268 F.3d 853, 856 (9th Cir.
2001); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).
Moreover, the ALJ materially mischaracterized the medical evidence.
For example, the ALJ stated that "records submitted by Kaiser
Permanente document that claimant is status post left eye enucleation
but has experienced no return of his pain (Exhibits 15F through 18F)"
(A.R. 215).  In fact, Exhibit 16F documents Plaintiff's continuing
pain throughout 2000-2007, as well as his continuing use of Vicodin
for pain.  See, e.g., A.R. 304 (headaches almost daily since
Plaintiff's 2000 surgery; headaches start with "sharp lightening-like
pains").


        With respect to the second arguable finding, the ALJ again
mischaracterized the record.  According to the ALJ, Plaintiff reported
in 2003 "that he prepared his own meals," and testified in 2005 that
he "performed light housework" (A.R. 214).  In actuality, Plaintiff
reported in 2003 that his wife and family prepared and cooked his
meals (although Plaintiff conceded he could microwave leftovers) (A.R.
87).  Plaintiff did not testify in 2005 that he "performed light
housework."  Plaintiff couched his testimony regarding his domestic
work in terms of vague attempts rather than actual accomplishments.
"I take my son to school, to preschool and I come back home, try to
straighten up, take a nap.  Pick him back up and try to go over his
homework with him and do a few house chores and my oldest son helps me
out, he really helps me out, my oldest son.  He cuts the grass and
everything.  I sit out there with him.  I go to church, that's about
it" (A.R. 190).  In any event, the few and limited daily activities

Plaintiff reported are not inconsistent with the conclusion that he suffered from disabling symptomatology 2003-2005.  See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (the "mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from [his or] her credibility as to [his or] her overall disability") (citations and quotations omitted); Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) (even where the claimant could cook for himself and his family and wash dishes, such daily activities were not inconsistent with disabling pain).

The Administration similarly erred in evaluating the credibility of Plaintiff's wife.  As the Court advised in a previous order remanding this same case:

> In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations of the claimant.  See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999).  "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition."  Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. § 404.1513(d)(4) (evidence from "other non-medical sources" such as "spouses, parents and other caregivers" may

be used "to show the severity of your impairment(s) and how
it affects your ability to work").

     "[T]he ALJ can reject the testimony of lay witnesses
only if he [or she] gives reasons germane to each witness
whose testimony he [or she] rejects." Smolen v. Chater,
80 F.3d 1273, 1288 (9th Cir. 1996).  A conflict with the
medical evidence, for example, can be a "germane reason" to
reject the testimony of a lay witness.  See Lewis v. Apfel,
236 F.3d 503 (9th Cir. 2001).  The mere fact that a witness
is a family member, however, is not a sufficient reason to
reject the witness' testimony.  See Smolen, 80 F.3d at 1289;
Regennitter, 166 F.3d at 1298.

     Most of the above-cited authorities speak in terms of
the "testimony" of lay witnesses.  The standards discussed
in these authorities, however, would appear equally
applicable to the written statements submitted in this case.
Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th
Cir. 2000) (ALJ should have considered letters submitted by
claimant's friends and ex-employers in evaluating severity
of claimant's functional limitations) (A.R. 266-67).

     The ALJ stated legally invalid reasons for rejecting the
credibility of Plaintiff's wife.  The ALJ stated, "It is reasonable to
infer that the claimant's wife has an economic interest in the
claimant's disability" (A.R. 215).  The almost universal circumstance
of a wife having a common economic interest with a husband is a

legally insufficient basis for rejecting a wife's credibility.   See
Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 694 (9th
Cir. 2009) (rejecting lay witness observations because the witness is
an "interested party" runs afoul of Ninth Circuit precedent: "Such a
broad rationale for rejection contradicts our insistence that,
regardless of whether they are interested parties, 'friends and family
members in a position to observe a claimant's symptoms and daily
activities are competent to testify as to [his or] her condition.'")
(quoting Dodrill, 12 F.3d at 918-19); see also Smolen v. Chater, 80
F.3d 1273, 1289 (9th Cir. 1996); Regennitter v. Commissioner, 166 F.3d
1294, 1298 (9th Cir. 1999); compare Valentine v. Commissioner, 574
F.3d at 694 ("evidence that a specific spouse exaggerated a claimant's
symptoms in order to get access to his disability benefits, as opposed
to being an 'interested party' in the abstract, might suffice to
reject that spouse's testimony") (dicta).   The ALJ in the present case
cited no specific evidence of exaggeration or mercenary motivation by
Plaintiff's wife.

          The ALJ also suggested that the statements of Plaintiff's wife
were not credible because the statements assertedly were inconsistent
with Plaintiff's 2003 statements and 2005 testimony (A.R. 214).   In
fact, a comparison of Plaintiff's 2003 statements and 2005 testimony
with his wife's 2003 statements reveals no significant inconsistencies
(A.R. 86-99, 187-98).   The Court also observes that the ALJ
mischaracterized the wife's statements.   According to the ALJ, the
wife "said that her husband was able to perform household chores . .
." (A.R. 214).   In fact, the wife stated "He tries to do chores . . .
try to do cleaning . . . never complete chores . . ." (A.R. 92, 94)

1  (emphasis added).

2

3       When there exists error in an administrative determination, "the

4  proper course, except in rare circumstances, is to remand to the

5  agency for additional investigation or explanation." INS v. Ventura,

6  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Yet, "[i]n

7  cases where there are no outstanding issues that must be resolved

8  before a proper disability determination can be made, and where it is

9  clear from the administrative record that the ALJ would be required to

10  award benefits if the claimant's excess pain testimony were credited,

11  we will not remand solely to allow the ALJ to make specific findings

12  regarding that testimony." Varney v. Secretary, 859 F.2d 1396, 1401

13  (9th Cir. 1988); accord Benecke v. Barnhart, 379 F.3d 587, 595 (9th

14  Cir. 2004); see Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004)

15  (remand for award of benefits is appropriate where "it is clear from

16  the record that the ALJ would be required to find [the claimant]

17  disabled if [the claimant's] testimony were credited"); Ghokassian v.

18  Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994) ("[G]enerally, we direct

19  the award of benefits in cases where no useful purpose would be served

20  by further administrative proceedings, or where the record has been

21  thoroughly developed") (citations and quotations omitted).

22

23       Under the rare and unusual circumstances of this protracted case,

24  reversal with a directive for the award of benefits is appropriate.

25  The record has been thoroughly developed.  It is clear from that

26  record that the Administration would be required to find Plaintiff

27  disabled during 2003-2005 if Plaintiff's testimony and statements were

28  credited.  The ALJ failed to make adequate findings to reject

Plaintiff's credibility, committing legal and factual errors in the process. The ALJ similarly committed legal and factual errors in rejecting the credibility of Plaintiff's wife. Finally, the Court previously remanded this same case for further administrative proceedings on the issue of the credibility of Plaintiff's wife. The Court should not be required to provide the Administration with a third opportunity to address the same issue. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication. . . . Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand") (citations and quotations omitted); see also Brown v. Bowen, 682 F. Supp. 858, 862 (W.D. Va. 1988) (rejecting argument that the court should give the Administration a third opportunity correctly to resolve a particular issue in the disability analysis); Thornton v. Heckler, 609 F. Supp. 1185, 1190 n.9 (E.D.N.Y. 1985) ("a remand would only cause delay and give the Secretary a 'last chance' to meet the burden of proof which she has twice failed to meet").


     LET JUDGMENT BE ENTERED ACCORDINGLY.


     DATED: February 22, 2010.


                    _____/S/_____
                         CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE